IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOSEPH GERARD
JENKINS,

                Petitioner,

        v.                             CASE NO. 06-3213-SAC

STATE OF KANSAS,
et al.,

                Respondents.

**MEMORANDUM AND ORDER**

This petition for writ of habeas corpus, 28 U.S.C. 2254, was filed by an inmate of the Neosho County Jail, Chanute, Kansas. Having reviewed the materials filed, the court finds petitioner has not satisfied the filing fee by submitting either a motion to proceed without prepayment of fees or the appropriate filing fee. If petitioner seeks to proceed without prepayment of fees, he must submit a motion which includes an affidavit stating all assets he possesses and certifying he is unable to pay fees. Federal law also provides that he "shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing" of the action, obtained from the appropriate official of each institution at which he is or was confined. This action may not proceed until petitioner has satisfied the filing fee. The clerk shall be directed to send petitioner forms for filing a Motion for Leave to Proceed Without Prepayment of Fees, and petitioner will be given time to satisfy the fee obligation.

The court further finds that petitioner is confined in a county jail as the result of convictions entered against him in a municipal court, and is required to exhaust his claims in state court before proceeding in a federal habeas corpus action. 28 U.S.C. 2254(b)(1) provides: "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State;" or the applicant shows that State corrective process is either unavailable or ineffective.  28 U.S.C. 2254(b)(1)(B).  The instant petition contains no indication of orderly exhaustion of state court remedies.  Petitioner must have presented his claims by proper procedures initially to the trial court and then, either by direct appeal or by state post-conviction motion[1], ultimately to the highest state court.  Petitioner shall be required to supplement his petition by showing that he has properly and fully exhausted all available state court remedies on his claims.

Finally, the court finds that petitioner fails to state sufficient facts supporting a claim of entitlement to federal habeas corpus relief.  Petitioner alleges he was convicted in Neosho County on May 15, 2006, for having no tags on his van and motorcycle and

---

[1] For example, petitioner could file a motion pursuant to K.S.A. 60-1507 in the trial court, and would have to appeal any denial to the Kansas Court of Appeals and the Kansas Supreme Court.  However, petitioner must have raised his claim of denial of counsel at trial and on direct appeal. His conclusory allegations that he has tried to appeal are insufficient.  Plaintiff must state facts indicating whether or not he objected to denial of counsel at trial, what procedures he followed to appeal, and provide copies of appeal materials filed by him including dates and where filed, as well as any correspondence concerning his appeal from the court.

driving with a suspended license, and is serving a 12-month sentence. He alleges he was denied counsel to represent him during all proceedings. However, he does not allege that he requested or would accept assistance of counsel. Exhibits filed by him with his petition include documents filed in the municipal court in which he designates himself as the attorney[2].

The Petition contains few factual allegations. Petitioner alleges he was denied due process and the court was without jurisdiction. However, he states no facts in support of either claim. The attachments to the petition suggest he claimed to be a "Sovereign Secured Party/Creditor," and as such, not subject to the court's jurisdiction. If this is the basis for petitioner's claim that the trial court lacked jurisdiction it is legally frivolous. His claim that he was unlawfully ordered to pay fines in federal reserve notes has no legal basis and is also frivolous.

Mr. Jenkins states in his petition that he knows nothing and can do nothing because he is not an attorney. He marks everything in the form petition with "N/A." He claims he is now "in solitary" and not allowed legal access in violation of his 6th Amendment rights. He further alleges he is being denied incoming and outgoing mail at the jail. These claims petitioner concern conditions of his confinement at the Neosho County Jail, which are not properly raised in a petition for writ of habeas corpus. Section 2254 actions challenge the legality of detention. Petitioner must challenge

---

[2] This designation is improper unless petitioner is duly licensed in the State of Kansas to practice law.

3

conditions of confinement in a civil action instead. Furthermore, he must have exhausted all administrative remedies at the jail as well as state court remedies before he may proceed on such claims in federal court.

Petitioner is granted twenty (20) days to satisfy the filing fee in this case and to show cause why this action should not be dismissed for failure to exhaust state remedies and failure to state a claim for federal habeas corpus relief, as discussed above.

**IT IS THEREFORE ORDERED** that petitioner is granted twenty (20) days in which to submit either the filing fee of $5.00 or a properly completed Motion for Leave to Proceed Without Prepayment of Fees on forms provided by the court, and to supplement his petition with facts sufficient to state a claim and show exhaustion of state remedies.

The clerk is directed to send plaintiff forms for filing a Motion for Leave to Proceed in forma pauperis.

**IT IS SO ORDERED.**

Dated this 9th day of August, 2006, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge

4